# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

_____

| | |
|---|---|
| Irene Curry, | ) Case No. 1:16-CV-00517-RMB-KMW |
| | ) |
| Plaintiff, | ) **BRIEF IN SUPPORT OF** |
| | ) **PLAINTIFF'S RESPONSE TO** |
| vs. | ) **DEFENDANT'S MOTION TO** |
| | ) **DISMISS** |
| AR Resources, Inc., | ) |
| | ) |
| Defendant. | ) MOTION DAY: May 2, 2016 |

Plaintiff Irene Curry ("Plaintiff") submits her brief in support of her Response to Defendant's Motion to Dismiss.  Plaintiff respectfully requests that this Court deny Defendant's Motion to Dismiss, and in support states the following:

## I.    Introduction.

Section 1692g(a) of the FDCPA requires debt collectors to provide consumers with a written notice of certain statutory rights.  Among those rights is the right to dispute the debt, but only within a statutorily specified 30-day window beginning on the date the consumer receives the required written notice from the collector.

Defendant violated the FDCPA by providing two sets of notices, each claiming that the consumer had thirty days from the receipt of the notice to dispute the debt, when in fact the FDCPA only establishes the right to a single 30-day dispute period. Defendant's practice of including § 1692g(a) notices in every written correspondence not only diminishes the value of the congressionally mandated one-time, initial disclosures, it falsely represents Plaintiff's rights under the FDCPA.  Such false representations violate

§ 1692e, which prohibits "any false representation or deceptive means to collect or attempt to collect any debt." § 1692e(10).

Defendant has asked this Court to dismiss Plaintiff's action for failure to state a claim, and in doing so would ask this Court to find that such duplicative § 1692g(a) notices do not violate § 1692e(10) as a matter of law. However, not only is Plaintiff's claim valid, but it is one that this Court has already considered and upheld in *Norton v. Wilshire Credit Corp.* Accordingly, Defendant's motion should be denied.

## II.    Standard of Review.

When evaluating a motion to dismiss for failure to state a claim under Rule 12(b)(6), courts "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." *Bistrian v. Levi*, 696 F.3d 352, 358 (3d Cir. 2012). A complaint need not contain detailed factual allegations. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007). Accordingly, a motion to dismiss must fail where the well-pleaded factual allegations "plausibly give rise to an entitlement for relief." *Killion v. Coffey*, No. CV 13-1808 (RMB/KMW), 2015 WL 7345749, at *3 (D.N.J. Nov. 19, 2015) (quoting *Malleus v. George*, 641 F.3d 560, 680 (3d Cir. 2011)); *Ashcroft v. Iqbal*, 556 U.S. 662, 664, 129 S. Ct. 1937, 1941, 173 L. Ed. 2d 868 (2009).

## III.    Statement of Facts.

In connection with the collection of an alleged debt, Defendant sent Plaintiff a letter dated August 6, 2015. Doc. 1 ¶11. The August 6, 2015 letter was Defendant's

initial communication with Plaintiff, and contained the notices required of an initial communication by 15 U.S.C. § 1692g(a).  Doc. 1 ¶¶13, 14.  In connection with the collection of the same alleged debt, Defendant then sent Plaintiff another letter, dated September 10, 2015.  Doc. 1 ¶15.  Although the 30-day dispute period triggered by the August 6, 2015 letter had already expired, and although the September 10, 2015 letter was not its initial communication with Plaintiff, the September 10, 2015 letter contained another statement of the notices required of an initial communication by § 1692g(a).  Doc. 1 ¶17.  As the 30-day dispute period had already lapsed, and Plaintiff was no longer legally entitled to the rights conferred by § 1692g, Defendant's inclusion of a second set of § 1692g(a) notices was misleading and would confuse the least sophisticated consumer as to their rights.  Doc. 1 ¶21.

## IV.   This Court already found that duplicative § 1692g(a) notices are misleading in violation of § 1692e.

In *Norton*, this Court considered a materially identical legal question and set of facts, and determined that sending multiple § 1692g(a) notices, when each tells the consumer they have thirty days from the receipt of the notice in which to dispute the debt, is a violation of § 1692e.  *Norton v. Wilshire Credit Corp.*, 1997 U.S. Dist. LEXIS 23360, *27 (D.N.J. July 14, 1997).  Rodney Norton ("Norton") had defaulted on his auto loan, and Wilshire Credit Corporation ("Wilshire") subsequently acquired rights to the loan for collection purposes.  *Id*. at 2-4.  On October 14, 1994, Wilshire sent Norton a collection letter containing the notices required by § 1692g(a).  *Id*. at 7.  On February 17, 1995, Wilshire sent Norton another collection letter, also containing the notices provided by §

1692g(a).  *Id*. at 8.  Wilshire sent Norton a third collection letter on March 27, 1995, which again contained the notices provided by § 1692g(a).  Norton sued Wilshire, claiming, among other violations, that Wilshire had violated § 1692e by sending duplicative notices. *See generally id.* This Court agreed: "The letters sent by Wilshire to Norton dated October 1994, February 1995 and March 1995 on their face violate § 1692e, because they serve to deceive the least sophisticated debtor into believing that he may have an additional thirty days to dispute the debt." *Id*. at 25.  This Court accordingly granted Norton's motion for summary judgment with respect to his § 1692e claim.

*Norton* provides crystal-clear precedent, as the material facts are identical to the matter at hand.  Defendant sent Plaintiff a dun letter dated August 6, 2015, which contained the notices required by § 1692g(a).  Defendant then sent another letter, dated September 10, 2015, which also contained the § 1692g(a) notices, even though the 30 day dispute period granted by statute had already expired.   The law in this Court leaves no room for doubt: Defendant violated § 1692e.

## V.   15 U.S.C. § 1692e is interpreted under the "least sophisticated debtor" standard and liberally construed in favor of consumers.

The FDCPA prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).  The test for deception under § 1692e is the "the capacity of the statement to mislead; evidence of actual deception is unnecessary." *United States v. National Financial Services, Inc.*, 98 F.3d 131 (4th Cir. 1996); *Williams v. Pressler & Pressler, LLP*, No. CIV. 11-7296 KSH, 2013 WL 5435068, at *10 (D.N.J. Sept. 27,

2013).  Defendant's conduct must be evaluated under the least sophisticated debtor standard, which is lower than the standard of a reasonable debtor and is designed to protect the gullible as well as the shrewd.  *Jensen v. Pressler & Pressler*, 791 F.3d 413, 418 (3d Cir. 2015).  Further, when construing the FDCPA, the Court should keep in mind that it is a remedial statute designed to curb abusive collection practices and to protect consumers, so it must therefore be read liberally.  15 U.S.C. § 1692;  *Jensen*, 791 F.3d at 421.  A collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate[,]" and a validation notice is "contradictory if it would make the least sophisticated consumer uncertain as to her rights."  *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000), as amended (Sept. 7, 2000).  Even "the literal truth may convey a misleading impression that violates § 1692e."  *McMillan v. Collection Professionals Inc.*, 455 F.3d 754, 758 (7th Cir. 2006).

**VI.  Defendant's September 10, 2015 letter violated 15 U.S.C. § 1692e because it falsely represents that Plaintiff had an additional 30-day period in which to dispute the debt.**

   **A.  Congress passed 15 U.S.C. § 1692g to ensure that consumers are notified of their rights under the law.**

"[T]he debt validation provisions of section 1692g were included by Congress to guarantee that consumers would receive adequate notice of their rights *under the law*."  *Wilson,* 225 F.3d at 354 (emphasis added); S.Rep. No. 382, 95th Cong., 1st Sess. 4, 8, reprinted in 1977 U.S.Code Cong. & Admin. News 1695, 1699, 1702.  Indeed, one of the primary debt collection abuses Congress designed the FDCPA to address is the frequent "misrepresentation of a consumer's legal rights."  *Id.*

The FDCPA only provides consumers with one 30-day period, running from the debt collector's initial communication, within which consumers may exercise the rights set out by the § 1692g(a) notice and thereby trigger Defendant's corresponding statutory obligations. § 1692g(a)-(b). Here, Defendant misrepresented that Plaintiff had a second 30-day period within which she could dispute the validity of the debt and request its verification. By including an additional set of § 1692g(a) notices after the statutorily conferred 30-day dispute period had lapsed, Defendant's September 10, 2015 letter misleads Plaintiff as to her rights and as to Defendant's legal duty to verify the debt if Plaintiff disputes it.

### B.      Sending duplicative § 1692g notices misleads the least sophisticated consumer about their rights under the law to dispute the debt.

As this court found in *Norton,* receiving two letters on different days that contain duplicative § 1692g(a) notices would confuse the least sophisticated consumer "as to the boundaries of the thirty day period." *Adams v. Law Offices of Stuckert & Yates*, 926 F. Supp. 521, 528 (E.D. Pa. 1996). When receiving a second letter containing an identical set of § 1692g(a) notices, the unsophisticated consumer might have a lot of questions and "could conceivably be confused as to his or her options." *Christopher v. RJM Acquisitions LLC*, No. CV-13-02274-PHX-JAT, 2015 WL 437541, at *8 (D. Ariz. Feb. 3, 2015) (granting summary judgment in favor of plaintiff on this claim). Because Defendant's misrepresentation "is capable of influencing the decision of the least sophisticated debtor," it is a material misrepresentation. *Jensen*, 791 F.3d at 421; *see also Donohue v. Quick Collect, Inc.*, 592 F.3d 1027, 1034 (9th Cir. 2010).

In *Christopher*, the debt collector sent two letters containing the 30-day notices required by § 1692g(a).  2015 WL 437541, at *1-2. There, as in this case, the second letter was sent outside of the original 30-day window. *Id*. at *2.  As the original 30-day period had ended, the court found that the defendant violated § 1692e "by sending two letters to the same person, each representing that Plaintiff had thirty days from receipt of the letter to dispute the debt." *Id*. at *8.  The court reasoned that "[t]he unsophisticated debtor might have a lot of questions when he or she receives the second letter," asking, for example:

> Did the debt collector already 'assume this debt is valid,' since I did not respond to the first letter? If so, then why did the debt collector send me a second notice, saying that I have another thirty days? Does this new letter restart the thirty days mentioned in the first letter, or does the second letter act as an extension of the thirty days afforded by the first letter? If I don't respond to this second letter, will the debt collector actually assume that I owe this money, or will it send me yet another letter?

*Id*.

The least sophisticated consumer, upon receiving the September 10, 2015 letter from Defendant, would have the same questions.  Accordingly, Plaintiff has not only presented a claim that plausibly gives rise to an entitlement for relief, as required to survive a motion to dismiss, but that would also be appropriate for summary judgment upon a corresponding motion by Plaintiff.

## VII.   Defendant does not have the power grant consumers with additional statutory rights.

Defendant argues that the notice in its September 10, 2015 letter was not deceptive because it provided Plaintiff with greater rights than the FDCPA provides.  However, this

argument must fail, as Defendant's inclusion of the statement does not actually provide Plaintiff with greater statutory rights.  A consumer's dispute only triggers Defendant's statutory obligations under § 1692g if it is made within the 30-day dispute period, and it is precisely because Defendant's duplicative § 1692g(a) notice conveyed a contrary message that the September 10, 2015 letter was misleading.  *See Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869 (S.D. Tex. 2011).

Defendant argues that "[n]othing in the FDCPA prohibits a debt collector from providing additional protections," and relies heavily on out-of-circuit district court opinions to suggest that by "providing a second set of notices, a debt collector has merely provided more than the statutory minimum required by the FDCPA."  Doc. 10-1 (*quoting Young v. G.L.A. Collection Co., Inc*., 2011 WL 6016650 (S.D. Ind. Dec. 1, 2011)). However, this ignores the fundamental purpose of the § 1692g(a) notices, which is to advise consumers of their rights under the law, and not merely of the debt collector's own policies.  *Wilson* 225 F.3d at 354.  While a debt collector *may have* answered a dispute sent outside the 30-day period, it is not required by § 1692g to do so. "[E]ven a statement of intention to act in an entirely legal manner, absent an explanation of how that intention fits within the statutory validation period, can render the communication confusing to the unsophisticated consumer." *Seplak v. IMBS, Inc*., No. 98 C 5973, 1999 WL 104730, at *3 (N.D. Ill. Feb. 23, 1999).

It is irrelevant whether Defendant intended to honor its promise.  *Bicking v. Law Offices of Rubenstein & Cogan,* 783 F. Supp. 2d 841, 845 (E.D. Va. 2011). "Although the defendant's notice may have been well-intended, the FDCPA is a strict liability statute."

*Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002).  Making a consumer think they have more rights than the law actually provides them is just as harmful, if not more so, than if Defendant had represented that the consumer had less time to dispute the debt.  The consumer might, in reliance on Defendant's inaccurate representation of their rights, wait to take action in the belief that they have another thirty days to dispute.  Or, they might submit a dispute rather than take other steps in the mistaken belief that their dispute will trigger Defendant's statutory duty to stop further collection actions until they verify the debt, when in fact it does not.  Indeed, many other courts have considered and rejected Defendant's argument that a communication is not misleading merely because it purports to grant the consumer additional rights.[1]

Defendant has presented their practice of including duplicative § 1692g(a) notices in a misleading light, suggesting that they do so for the magnanimous purpose of giving the consumer additional notice and opportunity to request validation of the debt.  Doc. 10-1, at 1.  However, this is likely a mere *post hoc* rationalization for a business practice whose true purpose is to cut costs by standardizing form letters.  The economic pressures of the debt collection industry create an incentive for debt collectors to cut corners in order to gain a competitive advantage, even if doing so infringes on the rights of

---

[1] *Nero v. Law Office of Sam Streeter, P.L.L.C.*, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009) ("It makes no difference whether [the debt collector] would have honored an oral request."); *McCabe v. Crawford & Co.*, 272 F. Supp. 2d 736, 742 (N.D. Ill. 2003) (rejecting debt collector's contention "that by allowing the debtor to give either written or oral notification, it has gone above and beyond its duty under § 1692g"); *Grief v. Wilson, Elser, Moskowitz, Edelman & Dicker, LLP.*, 217 F. Supp. 2d 336, 340 (E.D.N.Y. 2002) (rejecting a similar argument, where the debt collector's notice represented that the consumer could dispute the debt either orally or in writing, when § 1692g(a)(4) requires a written dispute); *Osborn v. Ekpsz, LLC*, 821 F. Supp. 2d 859, 869 (S.D. Tex. 2011). *Hernandez v. Guglielmo*, 977 F. Supp. 2d 1054 (D. Nev. 2013).

consumers. To combat this very problem, the FDCPA was designed to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." § 1692(e). Defendant should not be allowed to profit from its misleading practice of including § 1692g(a) notices in every letter.

## VII. Defendant's case law is not persuasive in light of this Court's decision in *Norton*.

The cases offered by Defendant are not useful precedent. As discussed *supra*, Defendant relies on out-of-circuit district court opinions that fail to properly analyze the issue in light of the FDCPA's purpose. Defendant also cites *Orenbuch v. Computer Credit, Inc.* to support the proposition that sending duplicative § 1692g(a) notices is not misleading. However, the court in *Orenbuch* analyzed an unrelated issue: whether a second letter overshadows notices provided in an initial communication when the second letter merely informs the consumer that the debt collector is returning the account to the creditor. 2002 WL 1918222, at *1 (S.D.N.Y. Aug. 19, 2002). Notably, the letter at issue in *Orenburch* did not contain a second set of § 1692g(a) notices, so Defendant's application of *Orenbuch* is misplaced.

Defendant's case law is unpersuasive and does not provide any reason for this Court to turn away from the established law in this district. This Court's decision in *Norton* unequivocally establishes that a second dun letter containing a duplicative set of § 1692g(a) notices violates § 1692e because it misleads the least sophisticated consumer into believing they have the right to an additional 30-day dispute period. *Norton*, 1997 U.S. Dist. LEXIS 23360, at 27.

## VII.   Conclusion.

Congress created the dispute validation provisions of the FDCPA to ensure that consumers are notified of their rights under the law to dispute the debt. Section 1692e further prohibits debt collectors from using false, deceptive, or misleading representations or means when collecting any debt.  Sending a notice that falsely represents that the consumer has an additional 30-day period to dispute the debt, when consumers are only legally entitled to a single 30-day period, violates § 1692e because it would cause the least sophisticated consumer to be confused about their right to dispute the debt.  This Court has previously considered this issue, and found that duplicative § 1692g(a) notices indeed violate § 1692e.  Therefore, any motion to dismiss under Rule 12(b)(6) must be denied.

Dated: April 18, 2016.

Respectfully submitted,

s/Justin Auslaender
Justin Auslaender
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
Telephone: (917) 793-9022
Facsimile: (917) 793-9037
jauslaender@consumerlawinfo.com
Attorney for Plaintiff

*Please direct local correspondence to*:

90-35 148th Street
Jamaica, NY 11435

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on April 18, 2016, I electronically filed the foregoing Notice of

Plaintiff's Response to Defendant's Motion to Dismiss with the Clerk of the Court using the

CM/ECF system and U.S. Mail to counsel of record as follows:

Mark R. Fischer, Jr., Esquire
HIGH SWARTZ LLP
40 East Airy Street
Norristown, PA 19404
mfischer@highswartz.com
Attorneys for Defendant

<u>s/Justin Auslaender</u>
Justin Auslaender