[Dkt. No. 10]

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# CAMDEN VICINAGE

| | |
|---|---|
| IRENE CURRY,<br><br>    Plaintiff,<br><br>    v.<br><br>AR RESOURCES, INC.<br><br>    Defendant. | Civil No. 16-517 (RMB/KMW)<br><br>**OPINION** |

Currently before the Court is Defendant AR Resources, Inc.'s motion to dismiss the Complaint.  Mot. Dismiss [ECF No. 10].  In that Complaint, Plaintiff Irene Curry asserted one cause of action against AR Resources for a violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.  Compl. ¶¶ 22-23.  Ms. Curry alleges that because AR Resources mailed her two letters in connection with a debt she owed, both disclosing her right to dispute her debt, the least sophisticated consumer would be confused.  The Court disagrees and, for the reasons explained below, **GRANTS** AR Resources' motion to dismiss the Complaint.

I.  **BACKGROUND**

Ms. Curry alleges that she owes a $5,224 tuition debt to Atlantic County Community College.  Compl. ¶¶ 8-9, Ex. A.  In connection with the collection of that debt, AR Resources sent

Ms. Curry a letter on August 6, 2015.  Id. Ex. A.  In the letter, AR Resources indicated that it was contacting Ms. Curry about her debt and provided a notice concerning a 30-day period in which she could request that AR Resources validate the debt:

> **Unless you notify this office within 30 days from receiving this notice that you dispute the validity of this debt or any portion thereof, this office will assume this debt is valid.  If you notify this office in writing within 30 days of receiving this notice this office will: obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification.  If you request from this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor if different form the current creditor.**

Id. (emphasis in original).[1]

Over a month later, AR Resources sent a second letter to Ms. Curry which contained an identical 30-day validation notice. Id. Ex. B.  Ms. Curry contends that this second letter is misleading or may confuse a debtor as to his or her rights.  Id. ¶ 21.

## II.  LEGAL STANDARD

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S.

---

[1] The Court refers to this as the 30-day validation notice in this Opinion.

662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  Id. at 662.  "[A]n unadorned, the defendant-unlawfully-harmed-me accusation" does not suffice to survive a motion to dismiss.  Id. at 678.  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

In reviewing a plaintiff's allegations, the district court "must accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff."  Bistrian v. Levi, 696 F.3d 352, 358 n.1 (3d Cir. 2012).  Only the allegations in the complaint, and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration.  Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n.2 (3d Cir. 1994) (citing Chester Cnty. Intermediate Unit v. Penn. Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)).

3

### III. **ANALYSIS**

AR Resources moves to dismiss the Complaint because, as it argues, sending a second letter with an identical 30-day validation notice does not deceive or mislead the least sophisticated debtor. Pursuant to 15 U.S.C. § 1692e(10), the FDCPA specifically prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt. . . ." Id. As the Third Circuit has explained, a collection letter "is deceptive when it can be reasonably read to have two or more different meanings, one of which is inaccurate." Wilson v. Quadramed Corp., 225 F.3d 350, 354 (3d Cir. 2000).

Whether a particular communication is deceptive or misleading is analyzed from the least sophisticated debtor's perspective, a low standard which "effectuates the basic purpose of the FDCPA: to protect all consumers, the gullible as well as the shrewd." McLaughlin v. Phelan Hallinan & Schmieg, LLP (3d Cir. June 26, 2014) (quoting Rosenau v. Unifund Corp., 539 F.3d 218, 221 (3d Cir. 2008)). The least sophisticated debtor standard "is an objective one, meaning that the specific plaintiff need not prove that she was actually confused or misled, only that the objective least sophisticated debtor would be. Jensen v. Pressler & Pressler, 791 F.3d 413, 419 (3d Cir. 2015) (emphasis in original). Numerous federal district courts

4

have analyzed whether a second letter containing the 30-day validation notice violates the FDCPA by misleading or deceiving the least sophisticated debtor, and those courts have reached different answers.  As set forth below, the Court is persuaded by the authorities that have reasoned that such conduct does not violate the FDCPA.

AR Resources cites a string of recent district court cases which all hold that a debt collector who sends a second letter containing the 30-day validation notice does not violate the FDCPA.  In Young v. G.L.A. Collection Co., Inc., the court confronted facts nearly identical to the instant case's: two letters sent a month apart both containing an identical 30-day validation notice.  Case No. 1:11-cv-489-WTL-MJD, 2011 WL 6016650, at *1 (S.D. Ind. Dec. 1, 2011).  The Court was unreceptive to the alleged confusion because "[r]eceipt of the second notice, proscribing a second 30-day period for validation does not in any way hamper the unsophisticated debtor's exercise of her right to request validation of the debt."  Id. at *3. The court granted judgment on the pleadings in favor of the defendant.

The court in Brenker v. Creditors Interchange, Inc. also granted the defendant's motion (this time for summary judgment) when the plaintiff alleged that the least sophisticated consumer would be confused by a second letter with a 30-day validation

5

notice. No. 03 Civ. 6500 LTS DFE, 2004 WL 594502, at *3 (S.D.N.Y. Mar. 25, 2004). In Brenker, the court explained that "the two letters created no reasonable possibility of confusion in derogation of the debtor's rights." Id. at *2. The court explained that the letter did not diminish the plaintiff's rights at all, in fact "if anything, it restarted the period, thereby effectively extending [the p]laintiff's opportunity to seek validation of the debt." Id. at *2.

Finally, the court in Gesten v. Phelan Hallinan, PLC also found that the second 30-day validation notice did not violate the FDCPA and only served to expand the plaintiff's rights. 57 F. Supp. 1381 (S.D. Fla. 2014). Specifically, the court noted that the second letter actually grants additional time to dispute the debt: "the difference between thirty days from Plaintiff's receipt of the second letter and thirty days from [the p]laintiff's receipt of the first." Id. at 1386-87. The court remarked as well that the plaintiff had not presented evidence that the defendant would not have honored the later 30-day deadline.[2] Id. at 1387.

Both Brenker and Gesten stand for the proposition that a second 30-day validation notice sent by a debt collector only

---

[2] Ms. Curry has not alleged that AR Resources would not have honored the second 30-day deadline. The Court does not, however, rule on whether such an allegation would salvage the claim.

6

enlarges a debtor's rights and does not violate the FDCPA. As AR Resources correctly points out, nothing "prohibits a debt collector from providing additional protections above and beyond the baseline requirements of the FDCPA." Def.'s Br. at 4. Indeed, the FDCPA was enacted because Congress sought to create a "minimum national standard[] for debt collection practices." Piper v. Portnoff Law Assoc., 396 F.3d 227, 236 n.11 (3d Cir. 2005). It would be antithetical to that purpose to prohibit a debt collector from going above a minimal standard.

Nevertheless, Ms. Curry argues that AR Resources "does not have the power [to] grant consumers [] additional statutory rights." Pl.'s Br. at 7. She argues that permitting a debtor to believe she has more rights than the law allows is "just as harmful, if not more so" than if a debt collector allowed less than the 30 days required by statute. Id. at 9. Indeed, Plaintiff argues that the "FDCPA only provides consumers with one 30-day period" and any additional time period provided to dispute the debt violates the FDCPA. Pl.'s Br. at 6 (emphasis added). This argument relies on cases holding that a debt collector violates the FDCPA when it sends a letter that does not disclose to a debtor that she can only dispute her debt in writing, which the FDCPA specifically requires. 15 U.S.C. § 1692g(a). The courts in those cases were unpersuaded by a defendant's proffer that it would have honored oral disputes.

7

See e.g., Nero v. Law Office of Sam Streeter, 655 F. Supp. 2d 200, 206 (E.D.N.Y. 2009) ("It makes no difference whether [the defendant] would have honored an oral request.").

But, these rulings are distinguishable.[3] These cases dealt with letters that failed to set forth clearly that the plaintiff's right to dispute the debt was only triggered if done in writing.  By omitting such language, the debt collector was "not effectively convey[ing] to the consumer his rights under the FDCPA." McCabe v. Crawford & Co., 272 F. Supp. 2d 736, 743-44 (N.D. Ill. 2003); see generally 15 U.S.C. § 1692g(a)(4) (requiring that a debt collector notify the debtor that if she disputes the debt "in writing," the debt collector will obtain verification of the debt).  By contrast, if a debt collector properly informs a debtor of her right to have the debt validated by request in the next 30 days, and then subsequently extends that time period in a second communication, the debtor's initial substantive right to dispute the debt within 30 days has not been impacted or mischaracterized.  That is the instant case's set of facts.

The other cases cited by Ms. Curry for the direct proposition that sending back-to-back letters containing 30-day

---

[3] It is also worth noting that no case cited by the parties for the specific proposition that two 30-day validation notices violates the FDCPA cites to this string of authority.

validation notices violates the FDCPA are unavailing because they are either distinguishable or unpersuasive.  In <u>Norton v. Wilshire Credit Corp.</u>, a court in this District held that a debt collector violated the FDCPA when it sent three consecutive letters containing a 30-day validation notice and then repossessed a car two weeks after the final letter.  Civ. No. 95-3223 (WHW), 1997 U.S. Dist. LEXIS 23360, at *9, *25-26 (D.N.J. July 15, 1997) (noting that final letter was sent March 27, 1995 and the car was repossessed on April 10, 1995).  The Court noted that the letters violated § 1692e "because they serve to deceive the least sophisticated debtor into believing that he may have an additional thirty days to dispute the debt." <u>Id.</u> at *25-26.  The Court additionally explained that the letter suffered from other FDCPA infirmities, such as the debt collector's statement that they would take legal action within fifteen days, which conflicted expressly with the 30-day validation time period.  Nevertheless, in an albeit somewhat dated decision, <u>Norton</u> does seem to stand for the proposition that multiple notices have the potential to mislead the least sophisticated consumer.

In an even older decision, the court in <u>Adams v. Law Offices of Stuckert & Yates</u>, also took issue with debt collectors sending multiple 30-day validation notices, while identifying other infirmities in the letter along the way.  926

9

F. Supp. 521, 527-28 (E.D. Pa. 1996). While the Court noted that "the least sophisticated would be confused as to the boundaries of the thirty[-]day period if he receives copies of the letter on different days," it further remarked that the letter problematically stated that the thirty-day clock ran from the date of the letter, when the FDCPA says the 30-day period is to commence upon the consumer's "receipt of the notice." Id. at 528. Indeed, it was this second infirmity (and a third) that caused the Gesten court to refuse to adopt Adams' reasoning on the issue relevant to this case:

> [Adams] provides no supporting rationale. Instead, the case relies on two other violations to support summary judgment in Plaintiff's favor: (1) that the letters included a demand for "immediate" payment, contrary to the validation notice and (2) that the letters stated that the thirty-day validation period runs from the sending of the letter rather than its receipt. The Court therefore does not find Adams persuasive.

Gesten, 57 F. Supp. 3d at 1387 (citation omitted). While Norton and Adams do appear to support the proposition that a second 30-day validation notice violates the FDCPA, both courts were confronted with letters laden with problematic language.

Ms. Curry's only recent authority for the proposition that a second 30-day validation notice violates the FDCPA is the unreported, out-of-District decision Christopher v. RJM Acquisitions LLC, No. CV-13-02274-PHX-JAT, 2015 WL 437541 (D. Ariz. Fec. 3, 2015). In that case, a debt collector sent back-

10

to-back letters to the plaintiff bearing the typical 30-day validation notice.  The court, in finding that such conduct violated the FDCPA, noted that the "unsophisticated debtor might have a lot of questions when he or she receives the second letter," such as, "Did the debt collector already 'assume this debt is valid,' since I did not respond to the first letter?" Id. at *8.[4]  Christopher is certainly on-point and AR Resources makes no attempt to distinguish this recent authority.

In supplemental briefing, AR Resources does point the Court to even more recent authority, in this District no less.  In Montgomery v. Trident Asset Management, the court was confronted with a 15 U.S.C. § 1692g(b) claim that a second 30-day validation notice overshadowed the Plaintiff's initial rights under the 30-day validation notice.[5]  Civ. No. 15-6616(MAS)(LHG),

---

[4] Christopher lists many potential questions a debtor might raise in response to receiving a second 30-day validation notice: "Did the debt collector already 'assume this debt is valid,' since I did not respond to the first letter?  If so, then why did the debt collector send me a second notice, saying that I have another thirty days?  Does this new letter restart the thirty days mentioned in the first letter, or does the second letter act as an extension of the thirty days afforded by the first letter?  If I don't respond to this second letter, will the debt collector actually assume that I owe this money, or will it send me yet another letter?"  2015 WL 437541, at *8.
[5] Like several of the cases cited by the parties, Montgomery dealt with analogous facts, but dealt with a different claim, one arising under 15 U.S.C. § 1692g(b).  However, "when allegations under 15 U.S.C. § 1692e(10) are based on the same language or theories as allegations under 15 U.S.C. § 1692g, the analysis of the § 1692g claim is usually dispositive."  See, e.g., Grubb v. Green Tree Servicing LLC, Civ. A. No. 13-07421,

11

slip op. at 2-3 (D.N.J. May 12, 2016).  Adopting Brenker's reasoning, the Montgomery court explained that the "two letters . . . 'created no reasonable possibility of confusion in derogation of the debtor's rights' and '[n]othing in the FDCPA prohibits a debt collector from giving a debtor more than the requisite 30-day validation period.'"  Id. at 2 (quoting Brenker, 2004 WL 594502, at *2).  The court granted the defendant's motion for judgment on the pleadings.  Id. at 2-3.

The Court is persuaded to adopt the reasoning of the cases holding that a second notice does not violate the FDCPA.  As an initial matter, the weight of recent authority points that direction, including the most recent case on the topic which was decided in this District, Montgomery.  More importantly, the Court is persuaded by the fact that the FDCPA provides a baseline standard of conduct for debt collectors.  Behavior which is not inconsistent with that baseline and enlarges the rights of a debtor without initially misrepresenting how those rights may be exercised does not adversely confuse or deceive the least sophisticated debtor as to her rights as guaranteed by the FDCPA.  Montgomery, Brenker, and Young all underscore a key point in FDCPA case law on dual 30-day validation notices, that

---

2015 WL 3696126, at *11 (D.N.J. July 24, 2014) (quoting Caprio v. Healthcare Revenue Recovery Grp., 709 F.3d 142, 154-155 (3d Cir. 2013)).  As such, the Court finds cases dealing with this issue under the § 1692g banner equally persuasive.

"simple 'confusion' in the colloquial sense is not legal 'confusion' as contemplated in the FDCPA," and accordingly, courts "finding that a debt collector's communication is confusing have only done so when this confusion bears the potential to adversely affect the debtor." <u>Young</u>, 2011 WL 6016650, at *2; <u>see also</u> <u>Brenker</u>, 2004 WL 594502, at *2 ("[T]he two letters created no reasonable possibility of confusion <u>in derogation of the debtor's rights</u>." (emphasis added)); <u>Montgomery</u>, Slip Op. at 2 (quoting <u>Brenker</u>).  To be sure, in the presence of any arguable abnormality in a debt collection letter, a litany of questions can be constructed suggesting debtor uncertainty akin to those cobbled together in <u>Christopher</u>.  <u>See</u> <u>supra</u> n.3.  That alone does not amount to liability under the FDCPA.  Put directly, this Court does not agree with Ms. Curry that the least sophisticated debtor would be confused to the detriment of her rights under the FDCPA by the receipt of a second letter that contains a 30-day validation notice.

**IV.   CONCLUSION**

Ms. Curry characterizes this case's dual 30-day validation notices issue as one that was conclusively and finally resolved in <u>Norton</u>.  Pl.'s Br. 2.  As the Court has laid out, however, <u>Norton</u> is far from the last word on the subject, even in the District of New Jersey.  Nineteen years of subsequent cases

13

looking at the issue, many in a more isolated context, have largely reasoned differently.  The Court agrees with those more recent authorities that a plaintiff does not state a claim when she alleges that she received a subsequent debt collection letter containing a second identical 30-day validation notice.  Accordingly, the Court **GRANTS** AR Resources' motion to dismiss.  An appropriate Order follows.


DATED: November 4, 2016


                                                s/Renée Marie Bumb
                                                RENÉE MARIE BUMB
                                                UNITED STATES DISTRICT JUDGE